**Teitelbaum & Baskin, LLC**
*Attorneys for Emigrant Funding Corporation*
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                          :      Chapter 13
                                                :      Case No: 15-22175 (RDD)
      JEANETH PRIMO,            :
                                                :
      Debtor.                          :
-------------------------------------------------------X

## LIMITED OBJECTION TO DEBTOR'S CHAPTER 13 PLAN BY EMIGRANT FUNDING CORPORATION

Emigrant Funding Corporation ("**Emigrant**"), by its attorneys, Teitelbaum & Baskin, LLC, as and for its Limited Objection to confirmation of the Second Amended Chapter 13 Plan dated June 18, 2015 (Docket No. 16) (the "**Amended Plan**") filed by the Debtor Jeaneth Primo (the "**Debtor**"), respectfully states:

1. This firm has recently been retained to represent Emigrant in the above-captioned Bankruptcy Case. Emigrant is the servicer and owner of a certain loan made to a certain Luis G. Valencia ("**Mr. Valencia**") with respect a certain property identified in Debtor's petition as 49-01 43rd Avenue, Woodside, New York 11377 (the "**Premises**").

2. According to the Debtor's petition, the Debtor claims to be a joint owner of the Premises.

3. Upon information and belief, the Premises is an investment property and not the Debtor's residence.

**The Deeds, the Note and the Mortgage**

4. On or around February 7, 2005, Mr. Valencia purchased the Premises as reflected in a certain deed recorded with the NYC Department of Finance, Office of the City Register as CRFN: 2005000113979 (the "**Original Deed**") (**Exhibit A** hereto).

5. On or around February 7, 2005, in order to finance the purchase of the Premises, Mr. Valencia obtained a loan (the "**Loan**") in the principal amount of $405,000.00 from Emigrant as evidenced by a certain Mortgage Note, dated February 7, 2005 in favor of Emigrant in the principal sum of $450,000.00 (the " **Note**") (**Exhibit B** hereto) and a certain Mortgage and Security Agreement in favor of Emigrant in the principal amount of $450,000.00, which granted Emigrant a first-priority lien upon the Premises (the "**Mortgage**") (**Exhibit C** hereto).

6. On February 25, 2005, the Mortgage was recorded with the NYC Department of Finance, Office of the City Register as CRFN: 2005000113980.

7. The Debtor was not a party to the Original Deed, the Note or the Mortgage.

8. The Mortgage contains the following pertinent provisions:

   a. Section 10(a) provides in pertinent part that: "Mortgagor [Mr. Valencia] shall not, without the prior written consent of Mortgagee, sell, convey, alienate, mortgage, encumber, pledge or otherwise transfer the Mortgaged Property [the Premises] or any part thereof or permit the Mortgaged Property or any part thereof to be sold, conveyed, alienated, mortgaged, encumbered, pledged or otherwise transferred."

   b. Section 21 of the Mortgage, entitled, "Events of Default," provides in pertinent part that "[t]he Debt shall become immediately due and payable at the option of the Mortgagee upon any one or more of the following

events (each being an "Event of Default," and collectively, "Events of Default")." Section 21(d) provides that an Event of Default occurs "if Mortgagor violates or does not comply with any of the provisions of Sections 3, 7, 8, 9, **10**, 11, 14, 19, 35 or 36." (Emphasis added).

9. On August 23, 2005, Mr. Valencia transferred an interest in the Premises to the Debtor as evidenced by a certain deed by Luis J. Valencia, as grantor to Luis J. Valencia and Jeaneth P. Primo, as grantee, joint tenants with right of survivorship (the "**Second Deed**") (**Exhibit D** hereto).

10. On September 26, 2005, the Second Deed was recorded in the NYC Department of Finance Office of the City Register as CRFN: 2005000536777.

11. The Second Deed constitutes a sale or conveyance of an interest in the Premises. Mr. Valencia did not obtain Emigrant's consent for the transfer evidenced by the Second Deed as required by Section 10(a) of the Mortgage. Thus, the transfer to the Debtor constitutes an event of default under the Mortgage.

12. The Debtor did not execute the Note or Mortgage and received the transfer of the Premises subject to the rights of Emigrant as a first priority mortgagee.

**The Bankruptcy Case**

13. On February 5, 2015, the Debtor filed a Chapter 13 Petition with this Court (ECF Docket No. 1).

14. In her Petition, the Debtor identifies her primary residence as 56 Dekalb Avenue, White Plains, New York 10605. As such, the Premises is not the Debtor's primary residence and the Debtor cannot avail herself of this Court's Loss Mitigation program or the New York homestead exemption with respect to the Premises.

15. The Debtor identifies the Premises on Schedule A of her Petition and that her interest in the Premises is as a joint tenant.

16. On Schedule C of the Petition, the Debtor improperly claims the Premises as exempt up to $150,000.00 under the homestead exemption under New York CPLR §5206.

17. On Schedule D of the Petition, the Debtor identifies Emigrant as a Creditor with a claim in the amount of $371,688.89.

18. On June 18, 2015, Debtor filed the Amended Plan. The Amended Plan does not provide for any treatment of the Loan or the lien against the Premises.

**Emigrant's Limited Objection to the Amended Plan**

19. Emigrant objects to the Amended Plan on the ground that it does not provide for the treatment of the Loan or the lien against the Premises which is superior to the Debtor's interest in the Premises.

20. In addition, Emigrant believes that cause exists to obtain relief from the automatic stay to enforce its senior position with respect to the Premises; to accelerate the Loan; and to exercise rights and remedies as against the Premises.

21. Rather than seek such relief at this time, on June 30, 2015, Jay Teitelbaum, Esq., counsel for Emigrant, spoke with James Rufo, Esq., counsel for the Debtor to propose a consensual resolution which would allow Mr. Valencia and the Debtor to retain their interest in the Premises. Emigrant proposed that the parties prepare a stipulation and proposed order to (i) authorize the Debtor to incur post-petition debt by becoming a co-borrower and co-mortgagee under the Note and Mortgage; and (ii) modify the automatic stay to permit Emigrant to obtain and record the necessary documents to reflect that the Debtor as a co-borrower and co-mortgagee.

22. Accordingly, Emigrant objects to confirmation of the Debtor's Second Amended Plan and respectfully requests that the Court adjourn confirmation for at least 30 days to allow the parties to attempt resolve the issues with respect to unauthorized transfer and conveyance of the Premises and the Note and Mortgage. Emigrant respectfully requests that the Court schedule a status conference for not earlier than 30 days from the date of this objection at which time the parties can report to the Court.

WHEREFORE, Emigrant objects to the confirmation of the Second Amended Chapter 13 Plan and requests that the Court adjourn confirmation for at least 30 days and schedule a status conference for the parties to report to the Court.

Dated: June 30, 2015
      White Plains, New York

**TEITELBAUM & BASKIN, LLC**
*Attorneys for Emigrant Funding Corporation*

By:    /s/ Jay Teitelbaum
Jay Teitelbaum, Esq.
1 Barker Avenue, Third Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com